# Case No. 12-31155

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

In Re: Deepwater Horizon – Appeals of the Economic and Property Damage Class Action Settlement

---------------------------------------------------------------

LAKE EUGENIE LAND & DEVELOPMENT INC.; BON SECOUR FISHERIES, INC.; FORT MORGAN REALTY, INC.; LFBP 1, LLC; ZEKES CHARTER FLEET, LLC; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, on behalf of themselves and all others similarly situated; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

Plaintiffs – Appellees

v.

BP EXPLORATION & PRODUCTION, INC.; BP AMERICA PRODUCTION CO.; BP LINE CO.,

Defendants – Appellees

v.

GULF ORGANIZED FISHERIES IN SOLIDARITY & HOPE, INC.,

Movants – Appellant

(caption continued on back cover)

-----------------------------------------------------------------------------------

**BRIEF OF APPELLANTS COBB REAL ESTATE, INC., G&A COBB FAMILY LIMITED PARTNERSHIP, L&M INVESTMENTS LTD., MAD LTD., MEX-CO., LTD., ROBERT T. MISTROT, and MISSROE, LLC**

John J. Pentz, Esq.
19 Widow Rites Lane
Sudbury, MA 01776
Telephone: 978.261.5725
Facsimile: 978.405.5161

Cons. w/Case No. 13-30095

In re: Deepwater Horizon – Appeals of the Economic and Property Damage
Class Action Settlement

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed

persons and entities as described in the fourth sentence of Rule 28.2.1 have

an interest in the outcome of this case.  These representations are made in

order that the judges of this court may evaluate possible disqualifications or

recusal.

COBB REAL ESTATE, INC.
G&A COBB FAMILY LIMITED PARTNERSHIP
L&M INVESTMENTS, LTD.
MAD LTD.
MEX-CO., LTD.
ROBERT T. MISTROT
MISSROE, LLC
JOHN J. PENTZ
STUART YOES
EDWARD COCHRAN
ELIZABETH CABRASER
LIEFF CABRASER HEIMANN & BERNSTEIN
SAMUEL ISSACHAROFF
JAMES PARKERSON ROY
DOMENGEAUX WRIGHT ROY & EDWARDS
SOREN E. GISELSON
HERMAN HERMAN & KATZ LLC


*/s/ John J. Pentz*
John J. Pentz
Attorney of Record for Appellants

## STATEMENT REGARDING ORAL ARGUMENT

Appellants request oral argument in this appeal because this is a complex consolidated appeal that presents numerous issues warranting the opportunity for this Court to pose questions to the litigants.

# TABLE OF CONTENTS

**PAGE**

CERTIFICATE OF INTERESTED PERSONS ............................................. i

STATEMENT REGARDING ORAL ARGUMENT .................................... ii

TABLE OF CONTENTS........................................................................ iii, iv

TABLE OF AUTHORITIES ...................................................................... v

JURISDICTIONAL STATEMENT .............................................................. 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ............................ 1

STATEMENT OF THE CASE ................................................................... 2

STATEMENT OF FACTS ........................................................................ 4

SUMMARY OF ARGUMENT ................................................................... 6

STANDARD OF REVIEW ........................................................................ 7

ARGUMENT .......................................................................................... 8

    I.     The Disparate Businesses, Geographical Areas, and Allocation
          Decisions Encompassed By The Settlement Require Separate
          and Adequately Represented Subclasses...................................... 8

    II.    The District Court Failed to Find That The Proposed Settlement
          Represents A Benefit to the Class Vis a Vis The Gulf Coast
          Claims Facility.......................................................................... 11

    III.   Adoption of Other Appellants' Arguments ................................ 14

CONCLUSION...................................................................................... 14

CERTIFICATE OF SERVICE .................................................................. 15

CERTIFICATE OF COMPLIANCE............................................................ 16

# TABLE OF AUTHORITIES

**PAGE(S)**

*Amchem Prods. Inc. v. Windsor*,
   521 U.S. 591 (1997)......................................................................................8

*Katrina Canal Breaches Litig.*,
   628 F.3d 185 (5th Cir. 2010) ..................................................... 8, 9, 10, 11

*Langbecker v. Elec. Data Sys. Corp.*,
   476 F.3d 299, 306 (5th Cir. 2007) .............................................................7

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999)......................................................................................8


Federal Statutes

Fed. R. Civ. P. 23(e)(2).................................................................................7

## STATEMENT OF JURISDICTION

1.      **District Court's Jurisdiction.**  The District Court had federal question jurisdiction over this case because the Complaint alleged claims arising under the Oil Pollution Act of 1990, 33 U.S.C. § 2701.

2. **Appellate Jurisdiction.**  This Court's jurisdiction exists pursuant to 28 U.S.C. § 1291.  The District Court entered its Opinion and Order and Judgment on December 21, 2012.  Appellants' Notice of Appeal was timely filed on January 17, 2013.

## STATEMENT OF ISSUES

1.      Did the District Court Abuse Its Discretion By Certifying a Settlement Class and Approving a Proposed Settlement That Makes Disparate Allocation Decisions Between Conflicting Groups Without Establishing Subclasses?

2.      Did the District Court Abuse Its Discretion By Failing to Find That Each and Every Individual Class Member Is Better Off Under the Proposed Settlement Than He or She Was Under the GCCF?

## STATEMENT OF THE CASE

This action was filed in 2010 following the blowout, explosion and fire that occurred aboard the Deepwater Horizon offshore drilling rig. The release of oil that resulted from that accident caused damage to countless businesses and individuals located in five states bordering the Gulf of Mexico, including Texas, where each of the seven Appellants conducts business.

Shortly after the accident, Appellee BP established the $20 billion Gulf Coast Claims Facility ("GCCF") for the compensation of any person or business that could establish that it was harmed by the release of oil into the Gulf of Mexico following the Deepwater accident.

This action combines claims by widely varying groups, including coastal homeowners whose waterfront property was physically covered by oil, hospitality industry businesses such as hotels and restaurants, and fishermen. It includes class members from Texas, Louisiana, Alabama, Florida and Mississippi. None of these discrete subclasses received adequate, separate representation in the litigation of this action or in the negotiation of the proposed settlement. In particular, the subclass of Texas businesses received particularly inadequate representation, with the result that the settlement makes it very difficult for Texas class members to make a

successful claim against the settlement fund, even for those class members located on the coast.

The proposed settlement does not create any new fund of money available for the satisfaction of claims, but merely replaces the already-funded GCCF with an uncapped claims process that employs certain presumptions designed to favor Louisiana class members.  The settlement has a projected value of $7 billion, which makes it less valuable than the already-existing GCCF.  Moreover, and most significantly, some class members were better off under the GCCF claims process, and those class members were not adequately represented by any of the class representatives in this action.

## STATEMENT OF FACTS

Appellants Cobb Real Estate, Inc. and G. & A. Cobb Family Limited Partnership are businesses located on the Bolivar Peninsula in Texas and are owners, operators, and managers of vacation rental properties situated therein.  These vacation rental properties suffered a downturn in business immediately following the Deepwater Horizon oil spill.  Appellants Robert Mistrot and MISSROE, L.L.C. are owners and operators of a water park located on the Bolivar Peninsula in Texas.  This water park suffered a downturn in business following the Deepwater Horizon oil spill.

Appellants MEX-CO, LTD. and MAD, LTD. are offshore drilling rig repair companies located on the Sabine River on the Louisiana/Texas border. They suffered a downturn in business immediately following the Deepwater Horizon oil spill, as well as continuing for several months thereafter. Appellant L & M INVESTMENTS, LTD. is a property owner located on the Sabine River on the Louisiana/Texas border, and also leases dock space. L&M suffered a downturn in business following the Deepwater Horizon oil spill.

The settlement creates three "zones," with Zone A being the most favorable to class members since it creates a presumption of causation of any business losses, while class members in Zones B and C must prove a

4

certain threshold percentage of business losses following the spill followed by a defined recovery. Each of the five settlement states with the exception of Texas contains some Zone A region. Texas is the only settlement state that contains no Zone A regions. Appellants are all located in Zone C, even though similar areas of Louisiana directly across the Sabine River from Texas are in Zone A.

Portions of Louisiana just over the border from Port Arthur, Texas are included in Zone A, while areas of Texas a few hundred yards away are in Zone C. There is no explanation for this provided in the settlement or the notice. Areas of Galveston, Texas right on the Gulf of Mexico are treated the same as Lake Charles, La. or Lafayette, La., which are many miles inland from the water.

Further, Appellants adopt the Statement of Facts contained in the Brief filed by Appellants, BP Exploration & Production Inc.; BP America Production Company; and BP P.L.C., in Appeal number 13-30315 (consolidated with No. 13-30329), document number 00512230427 filed on May 3, 2013, pursuant to FRAP 28(i).

## SUMMARY OF ARGUMENT

When a class action settlement makes allocation decisions among various subclasses, each subclass must be adequately represented by separate, adequately incentivized counsel.  Conversely, when all class members are similarly situated, they must be treated identically by any proposed settlement.

Here, the settlement makes critical allocation decisions without the benefit of separate, adequate counsel for each discrete subclass.  While the proponents deny the existence of subclasses, the settlement clearly draws lines between residents of different states and different types of businesses.  For example, Texas class members must meet a higher standard of proof of causation than similarly situated Louisiana residents.  For this reason, the proposed settlement must be rejected, and the case remanded for amendment to treat all class members identically, or to formally certify separate subclasses that can negotiate independently on behalf of their own clients.

## STANDARD OF REVIEW

The settlement of a class action must be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2).

A district court's decision to certify a class for abuse of discretion. *Langbecker v. Elec. Data Sys. Corp*., 476 F.3d 299, 306 (5th Cir. 2007) (citation omitted). A district court abuses its discretion, inter alia, when it "rests its legal analysis on an erroneous understanding of governing law." *Id*. (citation omitted).

## ARGUMENT

**I.    The Disparate Businesses, Geographical Areas, and Allocation Decisions Encompassed By The Settlement Require Separate and Adequately Represented Subclasses.**

A district court's decision to approve a settlement or to certify a class is reviewed for an abuse of discretion.  *In re Katrina Canal Breaches Litig.*, 628 F.3d 185 (5th Cir. 2010).

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), and *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997), require that a district court certify separate, adequately represented subclasses when the interests of class members are not identical, or when a settlement makes critical allocation decisions between different groups of class members.  This Court has previously followed *Ortiz* in decertifying a settlement class where the proposed allocation formula failed to treat class claimants fairly among themselves.  *In re Katrina Canal Breaches Litig.*, 628 F.3d 185 (5th Cir. 2010).  This is such a case.

Texas class members are treated differently than Louisiana class members, as there is no Zone A region in Texas.  As a result, Texas businesses must establish that their losses were caused by the Deepwater Horizon oil spill through the submission of documents and the satisfaction of

arbitrary thresholds, while class members in Louisiana who are located in

Zone A need make no such showing.

Nowhere is this arbitrary disparity more starkly illustrated than on the

banks of the Sabine River that separates Texas from Louisiana.  Areas on the

east bank of the river, in Louisiana, are included in Zones A and B, which

entitles class members in that zone to automatic recovery from the

settlement.  Areas on the west bank of the river, in Texas, are exclusively in

Zone C, and must submit documentation that must satisfy a stringent

formula in order to qualify for any settlement benefits whatsoever.  These

areas are separated by only a few miles.

In *Katrina Canal Breaches, supra*, this Court held that any formula of

distribution must explain the reasons for any discrepancies between the

treatment of different groups of class members.

> The class members in this case suffered a wide variety of
> injuries, ranging from property damage to personal injury and
> death, and no method is specified for how these different
> claimants will be treated vis-a-vis each other....  [An expert]
> suggested the use of grids or matrices to differentiate between
> the various class members, using factors such as the particular
> kind of damage suffered ... to create, in essence, subclasses of
> claimants..... The lack of any procedures to resolve the difficult
> issues of treating such differently situated claimants with
> fairness as among themselves leads us to reverse the district
> court's order certifying the class.

628 F.3d at 193.

Here, the parties have created a list of objective standards for Zones A, B and C, but they have completely failed to explain why a given state region was placed in its respective zone, other than to point to the general principle that causation becomes more difficult the further one moves from the coast. That principle, however, inadequately fails to account for the treatment of the Texas subclass, as the coastal cities of Port Arthur and Galveston are placed in Zone C, while identically situated areas over the border in Louisiana are in Zone A. If distance from the coast is the yardstick, the parties failed to follow their own guidelines in Texas, where areas right on the Gulf Coast are placed in Zone C.

Based upon this Court's holding in *Katrina Canal Breaches, supra*, the district court's settlement approval must be reversed and remanded for further explanation for the disparate treatment of Texas class members, as well as other groups that were not treated as well as Louisiana class members in the assignment of zones. While this settlement does not simply leave everything to the discretion of a special master, as the *Katrina* settlement did, it nevertheless fails to adequately explain the division of the class into zones that can make the difference between recovering some compensation and receiving nothing at all. The district court inadequately

explained the reasons for these discrepancies within the class, and geography

is inadequate to account for them.

**II.    The District Court Failed to Find That The Proposed Settlement Represents A Benefit to the Class Vis a Vis The Gulf Coast Claims Facility.**

A district court's decision to approve a settlement or to certify a class

is reviewed for an abuse of discretion. *In re Katrina Canal Breaches, supra.*

*In In re Katrina Canal Breaches, supra,* this Court rejected the

proposed settlement because the district court had failed to assure itself that

the settlement provided any monetary benefit to the class. *Id.* at 195 ("there

has been no demonstration on the record below that the settlement will

benefit the class in any way").  Likewise, here, the district court's findings

on duplication of relief are inadequate to assure this Court that class

members will receive more from the proposed settlement than they would

have under the GCCF, or that some class members would not have been

*better off* under the GCCF.

BP established the GCCF shortly after the spill, escrowing the amount

of $20 billion to satisfy anticipated claims.  Approximately $6 billion had

already been distributed to class members at the time of the proposed

settlement.  The settlement permits BP to immediately withdraw up to $7

billion from the GCCF.

Apart from the fact that the GCCF had almost twice as much money remaining in it as the proposed settlement will make available, the district court failed to consider that the proposed settlement may actually make certain class members worse off than they were prior to the settlement, since the GCCF did not restrict their ability to make a claim against it in the way that the settlement does. Class members in Zone C have been made worse off, since the GCCF did not impose any arbitrary loss and recovery percentages. While those in Zone A may be better off under the settlement, the Zone B and Zone C subclasses have been disadvantaged.

The district court addressed the GCCF objections as follows:

> Here, the objectors have failed to articulate how the relief afforded under the Settlement duplicates the relief that was available through the GCCF, or how the GCCF could possibly have had any authority to award all the types of relief contemplated by this agreement.

*Order and Reasons App. Record USCA5: pg. 19881.*

This fundamentally misconstrues the objection. The issue is not whether the settlement "duplicates" the GCCF, since the settlement clearly *replaces* the GCCF. Apart from the obvious downside that the GCCF was better-funded than the proposed settlement, the district court's justification of the settlement is based upon its increased *scope – i.e.*, all of the types of relief that are included in the settlement but may not have been eligible to

make claims against the GCCF.  The district court's defense of the
settlement vis a vis the GCCF serves only to highlight yet another intra-class
conflict – that between those class members who could have made a claim
against the $20 billion GCCF, and those who would have been ineligible to
recover from the GCCF.

The settlement is clearly an improvement for the latter group – those
whose claims were not being paid by the GCCF, but who are now eligible
for compensation.  The settlement is clearly a detriment, however, for those
class members who could have made a claim against the GCCF, without
being forced to meet arbitrary loss and recovery benchmarks.  Instead of
competing with a much larger group of claimants for the estimated $7 billion
available through the settlement, these class members could have shared the
$20 billion GCCF with a much smaller group of potential claimants.

The class members were clearly not unified in their interest in
replacing the GCCF with a negotiated settlement.  Replacing the GCCF with
the proposed settlement was not uniformly desirable for all class members.
Certain class members have been made better off by the settlement and its
objective criteria, but others have unquestionably been made worse off.  The
representative plaintiffs and Class Counsel were clearly not adequately
representing the interests of those who would have been better off with the

GCCF continuing as it had been.  Therefore, the district court abused its discretion in certifying a unified settlement class, and in failing to certify subclasses, including the subclass of persons better off under the GCCF.

## III.    Adoption of Other Appellants' Arguments

The arbitrary nature of the settlement agreement and its framework contradict the mandates of Rule 23.  The settlement agreement creates a claims system that allows for great disparity in recovery between similarly situated class members (which is precluded under Rule 23) and awards windfalls to claimants not previously contemplated.  These arguments are addressed in BP's brief in this matter.

Appellants adopt the Argument contained in pp. 22 – 62 of the Brief filed by Appellants, BP Exploration & Production Inc.; BP America Production Company; and BP P.L.C., in Appeal number 13-30315 (consolidated with 13-30329), document number 00512230427 filed on May 3, 2013, pursuant to FRAP 28(i).

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's certification of a settlement class, as well as its approval of the proposed settlement, and remand for further proceedings consistent with Fifth Circuit precedent.

Appellants,
By their attorneys,

*/s/ John J. Pentz*
John J. Pentz, Esq.
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
Fax: (978) 405-5161
jjpentz3@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, I filed the foregoing Brief via the ECF filing system for the United States Court of Appeals for the Fifth Circuit, and that as a result each counsel of record received an electronic copy of this Brief on July 12, 2013.

*/s/ John J. Pentz*
John J. Pentz

15

<u>Certificate of Compliance with Type-Volume Limitation</u>

1. This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because:

       this brief contains 2753 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because:

       this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 version 14.0.6129,5000 in Times Roman typeface in 14 points.

*/s/ John J. Pentz*
John J. Pentz
Attorney for Appellants

Dated: July 12, 2013