No. 12-31155

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

IN RE: DEEPWATER HORIZON – APPEALS OF THE ECONOMIC AND PROPERTY
DAMAGE CLASS ACTION SETTLEMENT

_____

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR
FISHERIES, INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP
1, L.L.C.; ZEKES CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN
IRWIN; RONALD LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY,
ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED;
HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

*Plaintiffs–Appellees,*

*v.*

BP EXPLORATION & PRODUCTION INC.,
BP AMERICA PRODUCTION COMPANY, AND BP P.L.C.,

*Defendants–Appellees,*

*v.*

GULF ORGANIZED FISHERIES IN SOLIDARITY & HOPE, INCORPORATED,

*Movant–Appellant.*

_____

## Consolidated With No. 13-30095
IN RE: DEEPWATER HORIZON – APPEALS OF THE ECONOMIC AND PROPERTY
DAMAGE CLASS ACTION SETTLEMENT

_____

*[cover continued on next page]*

On Appeal from the United States District Court
for the Eastern District of Louisiana
MDL No. 2179, Civ. A. No. 12-970

———————————————

**BP APPELLEES' MOTION TO EXPEDITE APPEAL**

———————————————

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Jeffrey Lennard
DENTONS LLP
233 South Wacker Dr.
Suite 7800
Chicago, IL 60606
(312) 876-8000

Theodore B. Olson
  *Counsel of Record*
Miguel A. Estrada
Thomas G. Hungar
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

Don K. Haycraft
LISKOW & LEWIS
701 Poydras Street
Suite 5000
New Orleans, LA 70139
(504) 581-7979

*Attorneys for BP Exploration & Production Inc.,*
*BP America Production Company, and BP p.l.c.*

## MOTION TO EXPEDITE APPEAL

Pursuant to Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 27.5, BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") respectfully request that this Court expedite this appeal. Specifically, BP requests that the Court (1) grant no further briefing extensions and (2) hear oral argument as soon as practicable after briefing is completed. In accordance with Fifth Circuit Rule 27.4, BP has contacted the other parties to this appeal. Class Counsel and Brent W. Coon, Esq., have indicated that their clients oppose the motion but have not indicated whether they will file an opposition; counsel for all other parties did not respond to BP's correspondence.

## Factual and Procedural Background

This appeal concerns the validity of the district court's class certification order and the fairness of the class settlement agreement entered into between BP and a class of plaintiffs claiming to have suffered economic losses as the result of the *Deepwater Horizon* oil spill. *See* 2:10-md-02179 (E.D. La.), D.E. 6430-1 ("Agreement"). The district court certified the class and approved the settlement after extensive

1

briefing and a hearing addressing the objections of several plaintiffs, including Appellants. *See* D.E. 8138. Appellants now challenge the district court's certification of the class and approval of the class settlement under Federal Rule of Civil Procedure 23.

This appeal was docketed on January 23, 2013. Doc. 00512121518. On May 9, 2013, Appellants moved for a 91-day extension, which BP opposed. *See* Doc. 00512237541, 00512238929. This Court nonetheless granted Appellants a 45-day extension to file their opening briefs, allowing the briefs to be filed by July 12, 2013. Doc. 00512241377. Two weeks after Appellants filed their briefs, the Settlement Class Appellees moved this Court for an extension of time in which to file their brief, which BP also opposed. Doc. 00512324367, 00512324304. The clerk's office then notified the parties that no action would be taken on the motion or opposition because no deadlines had yet been established for filing Appellees' briefs; instead the Court would notify Appellees of the deadline to file their briefs once the Court disposed of certain other matters. Doc. 00512324351. On July 31, 2013, the clerk's office notified the parties that Appellees' briefs will be due on September 3, 2013. *See* Doc. 00512327326.

## Argument

This Court may expedite the remainder of this appeal for "good cause." 5th Cir. R. 27.5. Good cause for expedition exists here for at least four reasons.

*First*, the public interest favors expedited consideration. As BP argued in its opposition to the Settlement Class's request for a briefing extension, this dispute involves billions of dollars in claims and the interests of tens of thousands of citizens across five States. *See* Doc. 00512323135. The Gulf region will benefit from a swift resolution of this dispute. If the settlement is upheld, the Gulf Coast will benefit from the timely closure and definitive resolution of this controversy that a secure settlement brings. If the settlement is to be overturned, it is in everyone's interest to know that as quickly as possible so that a final valid resolution of the remaining claims can be achieved expeditiously.

*Second*, BP has a compelling need for prompt resolution of this dispute and for clarity concerning the settlement. The Court Supervised Settlement Program ("CSSP") is regularly issuing awards under the settlement agreement, and those awards totaled more than $4.2 billion as of July 28, 2013. *See* Ex. A ¶ 3. The total awards since

3

July 8, 2013 have averaged over $119 million *per week*. *Id.* BP disputes many of these payments, including those at issue in a separate appeal pending before this Court (Nos. 13-30315 & 13-30329) (the "Variable-Profit Appeal"). Importantly, unlike in a typical settlement, where funds are paid to plaintiffs only after the resolution of all appeals, this settlement is unique in that payments are being made every day while this appeal is pending. *See* Agreement ¶ H. As a result, BP has a strong interest in ascertaining the validity of the settlement agreement sooner rather than later.

*Third*, the expedited nature of the related Variable-Profit Appeal provides reason for this Court to expedite consideration of this case. As BP has argued, if the district court's decision in the Variable-Profit Appeal were to be affirmed, the class certification and class settlement at issue in this case would be rendered invalid, which is one of the reasons why reversal is required in that appeal. *See* No. 13-30315 (consolidated with 13-30329), Doc. 00512230427, BP Br. 58-62. The district court's Variable-Profit Decision requires similarly situated claimants under the settlement agreement to be treated differently "based solely on differences used by claimants to prepare their financial

4

statements." D.E. 8964-5 ¶ 36 (Dietrich Decl.); *see also* D.E. 8964-17

¶ 24 (Sider Decl.).   This widely disparate treatment of class members

based on an arbitrary factor that is unrelated to Plaintiffs' liability

theory would mean that the settlement fails to meet the requirements

of Rule 23.  *See*, *e.g.*, *Comcast Corp.* v. *Behrend*, 133 S. Ct. 1426, 1433

(2013); *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 193-94 (5th

Cir. 2010).

Accordingly, if the district court's Variable-Profit Decision were

affirmed and, as a result, the class certification and settlement were

overturned, BP would have paid out hundreds of millions, and possibly

billions, of dollars in disputed awards under an improper agreement

that should never have taken effect.  What is more, BP would have been

forced to make these payments while being denied a key aspect of its

bargained-for consideration—namely, global release of all claims within

the economic and property damages class—by virtue of invalidation of

the class certification and settlement.  *See* Agreement § 10; *see also id.*

at p. 3.  Because the Variable-Profit Appeal was expedited by this Court

and was argued on July 8, 2013, it will likely be decided before this case

even if expedition is granted here.  To avoid the possibility that funds

5

could continue to be paid out under an invalid agreement, expedition of this appeal is warranted.

*Fourth*, as is evident from the procedural history recounted above, this case has already experienced lengthy delays that have given all parties, including the Settlement Class, ample time to prepare briefs. Under the current schedule, Class Counsel has 53 days after Appellants' briefs were filed in which to finalize their responsive brief— three weeks more than is normally allowed under Federal Rule of Appellate Procedure31(a)(1), even with no further extensions.  Under Rule 31(a)(1) (plus the three day service allowance under Rule 26(c)), Appellants' reply briefs will be due on September 20, 2013, so oral argument could perhaps be heard on an expedited basis as early as November.

Accordingly, if this Court grants the relief requested by BP and precludes further extensions, all parties will have had ample time to prepare and file their briefs—indeed, more time than normally allowed by the Rules.  Moreover, even an oral argument in November would submit this case for decision almost eleven months after the district court's judgment was issued.  *See* 2:10-md-02179 (E.D. La.), D.E. 8139

(Dec. 21, 2012).   In light of these facts, BP's request for expedited argument is not onerous or prejudicial to any party, and is appropriate to avoid undue delay in the resolution of this uniquely important appeal.

## Conclusion

For good cause shown, BP respectfully requests that this Court expedite consideration of this appeal by (1) directing that no further briefing extensions will be granted and (2) setting the case for oral argument as soon as practicable after briefing has been completed.

Dated: August 2, 2013                    Respectfully Submitted,

*/s/ Theodore B. Olson*

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000


Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Theodore B. Olson
   *Counsel of Record*
Miguel A. Estrada
Thomas G. Hungar
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500


Don K. Haycraft
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979

Jeffrey Lennard
DENTONS LLP
233 S. Wacker Dr., Suite 7800
Chicago, IL 60606
(312) 876-8000

*Attorneys for BP Exploration & Production Inc.,*
*BP America Production Company, and BP p.l.c.*

## CERTIFICATE OF CONFERENCE

I hereby certify that, on July 31, 2013, counsel for Defendants–
Appellees conferred with counsel for Plaintiffs–Appellees, Plaintiffs–
Appellants, and Movant-Appellant to determine, pursuant to this
Court's Rule 27.4, whether an opposition will be filed. Class Counsel
and Brent W. Coon, Esq., have indicated that their clients oppose the
motion but have not indicated whether they will file an opposition;
counsel for all other parties did not respond to BP's correspondence.

    /s/ Theodore B. Olson
Theodore B. Olson
*Attorney of Record for Defendants–*
*Appellees BP Exploration &*
*Production Inc., BP America*
*Production Company, and BP p.l.c.*

**CERTIFICATE OF ELECTRONIC COMPLIANCE**

I hereby certify that that, on August 2, 2013, the foregoing Motion was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF document filing system, https://ecf.ca5.uscourts.gov.  I further certify that: (1) required privacy redactions have been made pursuant to this Court's Rule 25.2.13, (2) the electronic submission is an exact copy of the paper document pursuant to this Court's Rule 25.2.1, and (3) the document has been scanned with the most recent version of Microsoft Forefront Endpoint Protection and is free of viruses.


　　　/s/ *Theodore B. Olson*　
Theodore B. Olson
*Attorney of Record for Defendants–*
*Appellees BP Exploration &*
*Production Inc., BP America*
*Production Company, and BP p.l.c.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was filed electronically on August 2, 2013, and will, therefore, be served electronically upon all counsel.

_/s/ Theodore B. Olson_

Theodore B. Olson
_Attorney of Record for Defendants–
Appellees BP Exploration &
Production Inc., BP America
Production Company, and BP p.l.c._



No. 12-31155

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

IN RE: DEEPWATER HORIZON – APPEALS OF THE ECONOMIC AND PROPERTY DAMAGE CLASS ACTION SETTLEMENT

_____

LAKE EUGENIE LAND & DEVELOPMENT, ET AL., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

*Plaintiffs–Appellees*,

*v.*

BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION COMPANY, AND BP P.L.C.,

*Defendants–Appellees*,

*v.*

GULF ORGANIZED FISHERIES IN SOLIDARITY & HOPE, INCORPORATED,

*Movant–Appellant.*

_____

## Consolidated With No. 13-30095

IN RE: DEEPWATER HORIZON – APPEALS OF THE ECONOMIC AND PROPERTY DAMAGE CLASS ACTION SETTLEMENT

_____

On Appeal from the United States District Court for the Eastern District of Louisiana MDL No. 2179, Civ. A. No. 12-970

_____

## DECLARATION OF HAL SIDER

_____

I, Hal Sider, declare as follows:

1.      I am an Executive Vice-President of Compass Lexecon. I received a Ph.D. in Economics from the University of Wisconsin (Madison).  I have been with Compass Lexecon (formerly Lexecon) since 1985, having previously worked in several U.S. government positions.  I specialize in applied microeconomic analysis and have performed a wide variety of economic and econometric studies relating to damages, competition, and antitrust.

2.      I led a Compass Lexecon team that advised BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") during the negotiation of the Economic Damage Claim Frameworks of the Economic and Property Damages Settlement Agreement in MDL 2179.  Since that time I have continued to assist BP in evaluating issues related to implementation of the Settlement Agreement by the Court Supervised Settlement Program ("CSSP").  As part of my on-going responsibilities, I have reviewed numerous CSSP offers and claim files.  I also monitor general trends in CSSP offers and claim activity, as reflected both in reports posted by the Claims Administrator to the CSSP portal, and in claim-specific computer data

files posted by CSSP each week that identify the status of all claims, including claimant characteristics and the size of offers. The tabulations reported below are based on analysis of the claim-specific computer data files provided by CSSP.

3.    As of July 28, 2013, the CSSP has offered awards to claimants totaling approximately $4,208,800,000. Awards offered during the week ending on July 14, 2013 totaled approximately $116,100,000. Awards offered during the week ending on July 21, 2013 totaled approximately $133,100,000. Awards offered during the week ending on July 28, 2013 totaled approximately $108,100,000. Thus, the average weekly amount of CSSP awards for the most recent three weeks is $119,100,000.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on July 31, 2013.        _____

                                                    Hal Sider