IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 12-3155

**IN RE: DEEPWATER HORIZON - APPEALS OF THE ECONOMIC AND PROPERTY DAMAGE CLASS ACTION SETTLEMENT**

--------------------------------------------------------------------------------------------

**LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR FISHERIES, INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP 1, L.L.C.; ZEKES CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, on behalf of themselves and all others similarly situated; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,**

*Plaintiffs - Appellees*

*v.*

**BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP PIPE LINE COMPANY,**

*Defendants - Appellees*

*v.*

**GULF ORGANIZED FISHERIES IN SOLIDARITY & HOPE, INCORPORATED,**

*Movants - Appellants*

CONSOLIDATED WITH CASE No. 13-30095

**IN RE: DEEPWATER HORIZON - APPEALS OF THE ECONOMIC AND PROPERTY DAMAGE CLASS ACTION SETTLEMENT**

---

On Appeal from the United States District Court for the Eastern District of
Louisiana, Nos. 10-MD-2179 & 12-970

---

**MOTION OF APPELLANTS GULF ORGANIZED FISHERIES IN
SOLIDARITY & HOPE, INC., DONALD DARDAR, AND THIEN
NGUYEN TO DISMISS APPEAL IN No. 13-30095**

**George Frazier
6122 Clara Street
New Orleans, LA 701I8
(504) 214-0836
Attorney for Appellant GO FISH**

## CERTIFICATE OF INTERESTED PERSONS

### 1. Movants-Appellants:

Gulf Organized Fisheries in Solidarity & Hope, Inc., or "GO FISH," is a non-profit coalition of leading Gulf seafood industry groups. GO FISH does not have a parent corporation and no publicly held corporation owns 10% or more of its stock. Its voting members are: Louisiana Shrimp Association; Louisiana Bayoukeeper; Southeast Asian Fisherfolk Association; Association of Family Fishermen; Louisiana Oysterman Association; Pointe-Au-Chien Indian Tribe; and United Commercial Fishermen's Association. The non-voting partner members are: Catholic Charities Archdiocese of New Orleans; Greater New Orleans Disaster Recovery Partnership; and Mary Queen of Viet Nam Community Development Corporation. The commercial fishermen who are members of the organizations and associations comprising GO FISH number in the thousands; each has an interest in the outcome of the litigation.

Donald Dardar and Thien Nguyen are each fishermen and class members. The majority of their claims fall within the Seafood Compensation Program.

2. **Attorney for Movants-Appellants**:

George Frazier
6122 Clara Street
New Orleans, LA 70118
Telephone: (504) 214-0836
Fax: (504) 342-3626

3. **Plaintiffs – Appellees**:

The *Lake Eugenie or Bon Secour* action is brought by fifteen class representatives: Lake Eugenie Land & Development, Inc.; Bon Secour Fisheries, Inc.; Fort Morgan Realty, Inc.; LFBP # 1, LLC d/b/a GW FINS; Panama City Beach Dolphin Tours & More, LLC; Zeke's Charter Fleet, LLC; William Sellers; Kathleen Irwin; Ronald Lundy; Corliss Gallo; Henry Hutto; Brad Friloux; Jerry J. Kee; John Tesvich; and Michael Guidry. The class representatives profess to represent the Economic and Property Damages settlement class certified by the District Court on December 21, 2012. Absent class members comprise a "large group of persons [who] can be specified by a generic description, [such that] individual listing is not necessary." 5TH CIR. R. 28.2.1. The generic descriptions can be found in the class definition of the Amended Class Action Complaint ¶306.[1]

---

[1] AMENDED COMPLAINT *(Economic and Property Damage Class Complaint)* filed by Bon Secour Fisheries, Inc., *et al.*, MDL 2179, Record Document No. 6412 (05/02/2012).

**4. Attorneys for Plaintiffs - Appellees:**

Stephen Jay Herman
Soren E. Gisleson
HERMAN HERMAN & KATZ LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
Fax: (504) 561-6024

James Parkerson Roy
DOMENGEAUX, WRIGHT, ROY & EDWARDS
556 Jefferson Street, Suite 500
Lafayette, LA 70501
Telephone: (337) 233-3033
Fax: (337) 233-2796

Elizabeth Joan Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Fax: (415) 956-1008

Samuel Issacharoff
NEW YORK UNIVERSITY SCHOOL OF LAW
40 Washington Square, S., Suite 411J
New York, NY 10012
Telephone: (212) 998-6580
Fax: (212) 995-4590

**5. Defendants - Appellees:**

The *Lake Eugenie* or *Bon Secour* action is brought against BP Exploration &
Production Inc.; BP America Production Company; and BP p.l.c.

---

**6. <u>Attorneys for Defendants - Appellees</u>:**

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Fax: (312) 862-2200

Jeffrey Lennard
SNR DENTON US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL 60606
Telephone: (312) 876-8000
Fax: (312) 876-7934

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Fax: (202) 879-5200

Don K. Haycraft
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Fax: (504) 556-4108

## <u>RULE 27.4 CERTIFICATE</u>

In accordance with 5th Cir. R.27.4, counsel for the BP Appellees has been advised of this Motion but has not taken a position on the relief sought as of the time of filing. The *Lake Eugenie* or *Bon Secour* Appellants consent to the Motion.

**/s/ George Frazier**

**George Frazier**
**6122 Clara Street**
**New Orleans, LA 70118**
**(504) 214-0836**
**Attorney for Appellant GO FISH**

**LAKE EUGENIE LAND &**
**DEVELOPMENT, Inc.** *et al.*
                    *Plaintiffs-Appellants*

            *v.*

**BP EXPLORATION &**
**PRODUCTION, INC.** *et al.*

            *Defendants-Appellees*            **No. 12-31155**
            *v.*

**GULF ORGANIZED FISHERIES**
**IN SOLIDARITY & HOPE, INC.,** *et al.*
        *Movants - Appellants*

**MOTION OF APPELLANTS GULF ORGANIZED FISHERIES IN
SOLIDARITY & HOPE, INC., DONALD DARDAR, AND THIEN
NGUYEN TO DISMISS APPEAL**

Appellants Gulf Organized Fisheries in Solidarity & Hope, Inc.,

Donald Dardar, and Thien Nguyen (collectively "GO FISH") move to

dismiss their appeal of the economic and property damage settlement. The

settlement was approved by the final order and judgment of the district court

entered on December 21, 2012 as Record Document No. 8139. Appellant

GO FISH filed its Notice of Appeal on January 22, 2013. The appeal was docketed as No. 13-30095.

GO FISH moves to dismiss its appeal of the settlement for several reasons.

*First*, at the time the GO FISH objections were lodged, the number of commercial fishermen eligible for compensation through the Seafood Compensation Program was unknown. The *Bon Secour* class definition excludes from the Seafood Compensation Program commercial fishermen who signed a release before the implementation of the Court Supervised Settlement Program (usually in conjunction with a small payment obtained through the Gulf Coast Compensation Facility). Had only a small number of fishermen signed Gulf Coast Compensation Facility releases, the capped Seafood Compensation Fund would more likely have been underfunded. It is now becoming clear that over 10,000 fishermen, half of the entire Gulf Coast fishing industry, gave in to financial pressures caused by the spill, the fishery closures, and the representations of Gulf Coast Compensation Facility officials, and signed a release before the Court Supervised Settlement Program began to be implemented. The roughly 10,000 fishermen who did not sign releases are the only fishermen eligible for payment from the Seafood Compensation Program fund. Given that half the

entire commercial industry cannot participate in this settlement, GO FISH believes that the fund is large enough to compensate those fishermen that remain (always assuming the remaining monies are allocated correctly and that BP and the government have no evidence of an impending fisheries collapse).  Until very recently, after GO FISH filed its objection and appeal, the release data were unavailable, and an informed decision on the adequacy of the Seafood Compensation Program funds was impossible.

*Second*, GO FISH objected to the Seafood Compensation Program distribution formulae because they (a) did not take into account potential differences regarding the spill's impact on fishermen based in different areas, and (b) were based on assumptions regarding the spill's impacts on different fisheries even as the impact had yet to sufficiently unfold.   In response to GO FISH's objections, the district court ordered a review of the evidence relating to the spill's unfolding impact on the commercial fisheries. That effort potentially effects the allocation of the second and final distribution from the BP Settlement's Seafood Fund.  GO FISH is hopeful that the second round of Seafood Compensation Program distributions will more closely match the injury and risk facing differently situated class members, thus increasing the fairness of the settlement.   GO FISH has decided that its members are better served working within the second

distribution process to achieve the needed changes, particularly given BP's position in Brief essentially electing protracted litigation over imperfect settlement.

*Third*, GO FISH has always been concerned with the finality of the class certification and fairness of the judgment appealed.  GO FISH feared that its class certification and fairness appeal was premature before the district court's decision on the allocation of the remaining funds, but feared losing its rights if it failed to appeal.  The *Bon Secour* Appellants now take the position that the class and fairness appeal is premature and GO FISH could and await the district court's future decision regarding the second distribution before it elects whether to appeal.  GO FISH agrees that this is the wiser course of action at this time.

*Fourth*, GO FISH places a great deal of reliance on its belief in the good-faith efforts of the court-appointed Seafood Neutral to tailor the second round of Seafood Compensation Program distributions to more closely match the injury and risk facing differently situated class members.

In response to these considerations, GO FISH has decided to withdraw its appeal of the settlement, but reserves the right to seek appellate review of the final order entered after the second Seafood Compensation Program distribution has been completed.

GO FISH does not, accordingly, wish to dismiss its appeal of the order of the district court denying it standing to intervene on behalf of its members. That order was entered on October 25, 2012 as Record Document No. 7747. Appellant GO FISH filed its Notice of Appeal on November 12, 2012. The appeal was docketed as No. 12-31155.

GO FISH's Motion is made in good faith. It is not made to evade appellate determination or frustrate a court order. Moreover, there is neither injury nor the suggestion of prejudice to the BP Appellees or the *Bon Secour* Appellants. No one has responded in brief to arguments advanced or positions taken by GO FISH in opposition to the settlement, other than by summary references and a general defense of the mechanisms of settlement.[2] There is no injury to absent class members because other Appellants continue to maintain appeals of the economic and property settlement.

Respectfully Submitted,

**/s/ George Frazier**

**George Frazier**
**6122 Clara Street**
**New Orleans, LA 701I8**
**(504) 214-0836**
**Attorney for Appellant GO FISH**

---

[2] ***E.g.***, Brief of Appellants Bon Secours Fisheries *et al*. at 37.

## <u>CERTIFICATE OF SERVICE</u>

I certify that the **MOTION OF APPELLANT GULF ORGANIZED FISHERIES IN SOLIDARITY & HOPE, INC., DONALD DARDAR, AND THIEN NGUYEN TO DISMISS APPEAL** was served on the 12th day of September 2013 through the Court's ECF facility.

/s/ George Frazier
_____

**George Frazier**
**6122 Clara Street**
**New Orleans, LA 701I8**
**(504) 214-0836**
**Attorney for Appellant GO FISH**